John B. Sganga, Jr. (SBN 116,211)
john.sganga@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
lauren.katzenellenbogen@knobbe.com
Jacob R. Rosenbaum (SBN 313,190)
jacob.rosenbaum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
Excel Packaging Systems, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (EASTERN DIVISION)

| | |
|---|---|
| EXCEL PACKAGING SYSTEMS. INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRULINE PACKAGING, a California corporation; GEORGE YOUSSEFIAN, an individual, and DOES 1-20;<br><br>Defendants. | Case No. 5:20-cv-1980-SVW-SHK<br><br>Assigned for all purposes to:<br>Hon. Steven V. Wilson<br>Court Room: 10A<br><br>**FIRST AMENDED COMPLAINT OF EXCEL PACKAGING SYSTEMS, INC. FOR:**<br><br>1) **TRADEMARK INFRINGEMENT (CALIFORNIA COMMON LAW)**<br>2) **UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §17200 et. seq)**<br>3) **INJUNCTIVE RELIEF** |

**FIRST AMENDED COMPLAINT**

Plaintiff EXCEL PACKAGING SYSTEMS, INC., a California corporation ("EXCEL" or "PLAINTIFF") alleges:

## GENERAL ALLEGATIONS

1. At all relevant times, EXCEL was and is a corporation duly authorized to conduct business in the state of California.

2. PLAINTIFF is informed and believes and thereon alleges that at all relevant times, Defendant TRULJNE PACKAGING, a California corporation ("TRULINE") was and is a corporation duly authorized to conduct business in the state of California.

3. PLAINTIFF is informed and believes and thereon alleges that at all relevant times, Defendant GEORGE YOUSSEFIAN ("YOUSSEFIAN"') was and is a competent adult individual residing in the state of California.

4. PLAINTIFF is currently unaware of the true identities and capacities of Defendants DOEs 1 through 20 and therefore provisionally identify those parties by those fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously identified Defendants is responsible in some manner for PLAINTIFF's damages as alleged in this Complaint. PLAINTIFF will move to amend this Complaint to allege the true names and capacities of such Defendants promptly upon discovery.

5. PLAINTIFF is informed and believes and thereon alleges that at all relevant times, each of the Defendants was acting as the agent of each other Defendant; was acting with the knowledge and consent of each other Defendant; and, was acting within the course and scope of such agency.

## FACTUAL BACKGROUND

6. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 5, inclusive, as though set forth in full herein.

7. Prior to the establishment of EXCEL, its Chief Executive Officer Mr. Kenneth Buirley, starting in December 1995, established and operated a California corporation known as Preferred Packaging Systems, Inc.  Mr. Buirley/Preferred Packaging Systems, Inc. was the exclusive importer of the "Preferred Pack" and "Preferred Packaging" brand of packaging

equipment and materials which was and continues to be used to package various businesses' particular products. The "Preferred Pack" and "Preferred Packaging" brand equipment and materials were marketed and sold to many different types of businesses, from bakeries to printing companies both domestically and internationally.

8.  In or around 1996, Defendant YOUSSEFIAN began working for Mr. Buirley/Preferred Packaging Systems, Inc. Due in large part to certain acts performed by Defendant YOUSSEFIAN and others, Mr. Buirley was forced to dissolve Preferred Packaging Systems, Inc. on December 31, 2007.

9.  Plaintiff is informed and believes that Defendant TRULINE was established by Defendant YOUSSEFIAN on or around February 7, 201l. At that time, Defendants TRULINE and YOUSSEFIAN began marketing and selling packaging equipment under the "Truline" brand.

10. EXCEL was established on or around September 8, 2011. Mr. Buirley is the majority shareholder of EXCEL. Since its establishment, EXCEL has continuously been the exclusive importer and seller of the "Preferred Pack" and "Preferred Packaging" brand equipment and materials both domestically and internationally.  Since its inception, EXCEL has continuously used the "Preferred Pack" and "Preferred Packaging" marks as well as a "Preferred Pack" and "Preferred Packaging" logo (the "PREFERRED PACK LOGO") having red letters or having a red background with white letters as follows **Preferred Pack®**. Since its establishment, EXCEL has also continuously used a proprietary and distinctive numbering system for EXCEL part numbers.

11. Mr. Buirley/Preferred Packaging Systems, Inc. and now his new corporation, EXCEL have continuously used the "Preferred Pack" and "Preferred Packaging" marks since December 1995.  The "Preferred Pack" and "Preferred Packaging" marks and the PREFERRED PACK LOGO are together referred to herein as the "PREFERRED PACK Marks."

*1*   12. Over the years, Mr. Buirley/Preferred Packaging Systems, Inc. and now his new
*2* corporation, EXCEL have spent a considerable amount of time and money in establishing the
*3* PREFERRED PACK Marks in the minds of consumers as a source of high quality packaging
*4* equipment and materials. As a result of this substantial use and promotion of the
*5* PREFERRRED PACK Marks in connection with EXCEL's products and services, these
*6* trademarks have acquired great value as specific identifiers of EXCEL's products and services
*7* and serve to distinguish EXCEL's products and services from that of others. Customers in
*8* California and elsewhere readily recognize the PREFERRED PACK Marks as distinctive
*9* designations of origin of EXCEL'S products and services. The PREFERRED PACK Marks
*10* are intellectual property assets of great value as symbols of EXCEL's quality products and
*11* goodwill.

*12*   13. By virtue of EXCEL's widespread and continuous use of the PREFERRED
*13* PACK Marks, EXCEL has established extensive statutory and common law rights in the
*14* PREFERRED PACK Marks.

*15*   14. At no time has Mr. Buirley/Preferred Packaging Systems, Inc. or EXCEL ever
*16* given Defendants a license, permission or authority to use or display the PREFERRED PACK
*17* Marks or any EXCEL part numbers in connection with any of Defendants' services.

*18*   15. In or around mid-2019, EXCEL is informed and believes and alleges that
*19* Defendants TRULINE and YOUSSEFIAN:

*20*       a. Knowingly cooperated 111 and/or induced, encouraged, enabled or aided in
*21*          causing EXCEL's and potential customers' confusion or to cause mistake or to
*22*          deceive as to the origin of packaging equipment and materials through the
*23*          distribution, marketing, selling and/or advertising of packaging equipment and
*24*          material by using the PREFERRED PACK Marks in contravention of EXCEL's
*25*          trademark rights. Defendants, and each of them, are marketing deceptive
*26*          products at greatly discounted prices from EXCEL's prices.
*27*       b. Knowingly cooperated in and/or induced, encouraged, enabled or aided in
*28*          causing EXCEL's and potential customers' confusion or to cause mistake or to

-4-
**FIRST AMENDED COMPLAINT**

*1*         deceive as to the origin of packaging equipment and material by creating and
*2*         operating a website entitled www.preferredpack.com (the "Website") and using
*3*         a company named "Preferred Packaging".

   c. Knowingly cooperated in and/or induced, encouraged, enabled or aided in causing EXCEL's and potential customers' confusion or to cause mistake or to deceive as to the origin of packaging equipment and material through the distribution, marketing, selling and/or advertising of packaging equipment and materials by using EXCEL part numbers in contravention of EXCEL's trademark rights;

   d. Knowingly cooperated in and/or induced, encouraged, enabled or aided in causing EXCEL's and potential customers' confusion or to cause mistake or to deceive as to the origin of packaging equipment and material through the creation and maintenance of a product catalog that utilizes pictures and descriptions of packaging equipment and materials bearing the PREFERRED PACK Marks and EXCEL part numbers that were and are taken directly from EXCEL's product catalog;

   e. Knowingly cooperated in and/or induced, encouraged, enabled or aided in causing EXCEL's and potential customers' confusion or to cause mistake or to deceive as to the origin of packaging equipment and material bearing the PREFERRED PACK Marks and EXCEL part numbers through the use of unsolicited emails to EXCEL customers from a "@preferredpack.net" address having a subject line of "New Email Address" and stating, "Hello. a lot of customers are receiving my emails in their junk/ spam folder. That issue couldn't get fixed. You can now reach me at my new email address: jesse@preferredpack.net. Please take a moment to update your address book. Thank you." Plaintiff is informed and believes and thereon alleges that these emails are an attempt by Defendants, and each of them. to direct customer traffic away from EXCEL and to the Defendants' Website.

16. EXCEL's use of the PREFERRED PACK Marks and EXCEL part numbers predates the use of such marks and part numbers by Defendants, and each of them. As a result, the rights of EXCEL are superior to Defendants, and each of them.

17. Defendants' actions including its use of the PREFERRED PACK Marks and EXCEL part numbers in connection with packaging equipment and materials causes a likelihood of consumer confusion.

18. At all relevant times, the Defendants, and each of them, exercised ownership or control over online advertising for their products, services and websites, and knowingly cooperated in and/or induced, encouraged, enabled or aided the infringement of EXCEL's trademark rights by using the PREFERRED PACK Marks and EXCEL part numbers.

19. Defendants, and each of them, had access to EXCEL's website and catalog. Defendants, and each of them, have copied portions of EXCEL's website and/or catalog without authorization from EXCEL.

20. EXCEL is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the PREFERRED PACK Marks, use of EXCEL part numbers, and misleading emails to EXCEL's customer is intended to trade upon the goodwill and substantial recognition associated with EXCEL's PREFERRED PACK Marks and part numbers.

21. EXCEL is informed and believes, and on that basis alleges, that Defendants are using the PREFERRED PACK Marks and EXCEL part numbers to cause mistake or deception as to the source of Defendants' goods and services.

22. By virtue of the acts complained of herein, Defendants have created a likelihood of injury to EXCEL's business reputation, have caused a strong likelihood of confusion, mistake, and deception as to the source of or origin or relationship of EXCEL and Defendants' products and services, have caused actual confusion, and have otherwise competed unfairly with EXCEL by unlawfully trading on and using the PREFERRED PACK Marks and EXCEL part numbers without EXCEL's permission or consent.

23. EXCEL is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

24. Defendants' acts complained of herein have caused EXCEL to suffer irreparable injury to its business. EXCEL will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their wrongful actions complained of herein.

25. Multiple demands have been made upon Defendants to cease and desist from using such unfair tactics in their attempt to dilute the PREFERRED PACK Marks and EXCEL part numbers and directing EXCEL customers away from PLAINTIFF and to cause financial harm, to no avail.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (CALIFORNIA COMMON LAW)**
(As Against All Defendants)

26. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 5, inclusive, and Paragraphs 7 through 25, inclusive, as though set forth in full herein.

27. PLAINTIFF has used the PREFERRED PACK Marks and EXCEL part numbers continuously since EXCEL's establishment in 2011, and PLAINTIFF's predecessor used the PREFERRED PACK Marks continuously from 1995 until EXCEL's establishment.

28. Defendants, and each of them, has knowingly facilitated, enabled or otherwise assisted in the manufacture, use, distribution, display or sale of goods bearing the PREFERRED PACK Marks and EXCEL part numbers.

29. The foregoing acts of the Defendants. and each of them, constitute trademark infringement of EXCEL's PREFERRED PACK Marks and EXCEL part numbers under California common law.

30. EXCEL has been damaged and will continue to be damaged by the unlawful conduct of the Defendants, and each of them, and Defendants. and each of them, have been unjustly enriched by such unlawful conduct in an amount to be proven at trial.

31. The conduct of the Defendants, and each of them. described herein, has caused and, if not enjoined, will continue to cause irreparable damage to EXCEL 's rights in its marks, and to the business, positive reputation and goodwill of EXCEL, which cannot be adequately

compensated solely by monetary damages. EXCEL therefore has no adequate remedy at law and seeks permanent injunctive relief.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §17200 et. seq)
(As Against All Defendants)

32. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 5, inclusive; Paragraphs 7 through 25, inclusive; and Paragraphs 26 through 31, inclusive, as though set forth in full herein.

33. The acts and conduct of the Defendants, and each of them, as alleged herein constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Business and Professions Code § l 7200 et. seq.

34. The Defendants' acts of unlawful, unfair and fraudulent competition have caused harm to EXCEL's and potential customers. Defendants' acts of unlawful, unfair and fraudulent competition have proximately caused EXCEL to suffer injury in fact and loss of money and/or property (including as a result of expenses that EXCEL has incurred, and continues to incur, in its efforts to prevent and deter Defendants from engaging in unlawful conduct) in an amount to be proven at trial.

35. Defendants' acts of unlawful. unfair and fraudulent competition have caused irreparable and incalculable injury to EXCEL, to the PREFERRED PACK Marks, and to the business and goodwill represented thereby, and unless enjoined, could cause further irreparable and incalculable injury, whereby EXCEL has no adequate remedy al law.

## THIRD CAUSE OF ACTION
## INJUNCTIVE RELIEF
(As Against All Defendants)

36. PLAINTIFF re-alleges and incorporates by reference Paragraphs 1 through 5, inclusive; Paragraphs 7 through 25, inclusive; Paragraphs 26 through 31, inclusive; and Paragraphs 33 through 35, inclusive as though set forth in full herein.

37. EXCEL is informed and believes and thereon alleges that unless this Court enjoins the Defendants, and each of them, all persons or entities acting in concert with them during the pendency of this action and thereafter from the acts and continuing conduct as

alleged hereinabove, EXCEL will continue to sustain great and irreparable injury in that such acts have and are preventing EXCEL from realizing the full potential of its trademarks and copyrights.

38. EXCEL has made demand that Defendants refrain from committing the hereinabove described acts, but Defendants have refused and instead will continue such acts unless immediately enjoined by this Court from doing so.

39. EXCEL cannot be fully compensated in damages and is without an adequate remedy at law because the exact amount of damage EXCEL will sustain will be difficult to determine so long as Defendants continue the acts and conduct hereinabove alleged which continue to erode and destroy EXCEL's interests.

40. By reason of the foregoing, EXCEL has no plain, speedy or adequate remedy at law to enforce its rights and/or protect its interest in its trademarks and copyright.

41. As a further result of Defendants' acts, EXCEL has sustained damage in an amount that will be determined according to proof at the time of trial. [f these acts are permitted to continue, EXCEL will be further damaged in an amount to be determined according to proof at time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against Defendants and Does I through 20, inclusive, and each of them, as follows:

A) For injunctive relief as follows: A permanent injunction enjoining and restraining Defendants, and each of them, and all persons or entities acting in concert with it during the pendency of this action and thereafter perpetually from:

    1) Using any reproduction, counterfeit, copy or colorable imitation of the PREFERRED PACK Marks or EXCEL part numbers for and in connection with any goods or packaging not authorized by EXCEL.

    2) Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure EXCEL's business reputation or dilute the

distinctive quality of the PREFERRED PACK Marks and EXCEL part numbers.

3) Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of EXCEL, or sponsored by or associated with EXCEL, and from offering such goods into commerce.

4) Further infringing the PREFERRED PACK Marks and EXCEL part numbers by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by EXCEL that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the PREFERRED PACK Marks or EXCEL part numbers.

5) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the PREFERRED PACK Marks or EXCEL part numbers, in connection with the promotion, advertisement, display. sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to EXCEL, or to any goods sold, manufactured, sponsored or approved by, or connected with EXCEL.

6) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with

Case 5:20-cv-01980-SVW-SHK   Document 10   Filed 10/23/20   Page 11 of 11   Page ID #:123

EXCEL, or are sold, manufactured, licensed, sponsored, approved or authorized by EXCEL.

7) Infringing the PREFERRED PACK Marks or EXCEL part numbers, or EXCEL's rights therein, or using or exploiting the PREFERRED PACK Marks or EXCEL part numbers or diluting the PREFERRED PACK Marks or EXCEL part numbers.

B) An award of damages, including, but not limited to, compensatory. statutory and punitive damages, as permitted by law and in such amounts to be proven at trial.

C) For pre- and post-judgment interest as allowed by law.

D) For costs and expenses of suit incurred herein, including reasonable attorneys' fees.

E) For such other relief as the Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 23, 2020          By: /s/ *John B. Sganga, Jr.*
　　　　　　　　　　　　　　　　　John B. Sganga, Jr.
　　　　　　　　　　　　　　　　　Lauren Keller Katzenellenbogen
　　　　　　　　　　　　　　　　　Jacob R. Rosenbaum

Attorneys for Plaintiff
Excel Packaging Systems, Inc.

-11-
**FIRST AMENDED COMPLAINT**