## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-01980-SVW | Date | December 10, 2020 |
|---|---|---|---|
| Title | *Excel Packaging Systems, Inc., v. Truline Packaging and George Youssefian* | | |

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:**     IN CHAMBERS ORDER GRANTING [11] MOTION TO REMAND

Before the Court is Plaintiff's motion to remand this case to San Bernardino County Superior Court. Dkt. 11. Defendants oppose Plaintiff's motion, arguing that Plaintiff's claims of unfair competition and injunctive relief arise under, and are preempted by, federal law. Dkt. 14 at 4. Although Plaintiff dropped all of its federal claims, Defendants suggest that Plaintiff is cloaking its copyright infringement claim as state law claims. *Id.* Defendants point to Plaintiff's use of the word "copyrights" in two paragraphs of the First Amended Complaint ("FAC"), see Dkt. 15 at ¶¶ 37, 40, and other allegations in the complaint about Defendants accessing and copying Plaintiff's website and catalog.

The Court rejects Defendants' arguments. First, no federal question jurisdiction exists because Plaintiff removed all federal claims and only asserts state law claims in its FAC. *See generally* Dkt. 15. Plaintiff expressly acknowledges that it cannot plead a federal copyright claim because it does not own, and is not in the process of registering, a federal copyright. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881, 892 (2019); *see also* Reply at 7 ("Plaintiff cannot meet the pleading requirements for copyright infringement."). Although Plaintiff uses the word "copyrights" in the FAC, Plaintiff states it did so inadvertently and will strike those words from the FAC. *Id.* at 5.

Second, to the extent Defendants argue that Plaintiff's state law claims are preempted by federal copyright law, that is not a proper basis to oppose a motion to remand. If Plaintiff's claims are in fact preempted by federal law—a finding that this Court need not and does not make—then the appropriate remedy in light of Plaintiff's inability to plead a federal copyright claim is dismissal, not remand. This Court, however, cannot dismiss a claim without first ensuring it has jurisdiction over the matter. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). As noted above, no federal question jurisdiction exists. Moreover, no diversity jurisdiction exists because all parties are residents of California, FAC at ¶¶ 1–3, and this Court declines to exercise supplemental jurisdiction because the case is at an early stage and no federal claims exist, see 28 U.S.C. § 1367(c).

Accordingly, Plaintiff's motion is GRANTED and the case is remanded to San Bernardino County Superior Court.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |